Ramos Buonomo, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Sa. Eva E. Bravo Medina, el Sr. Francisco J. Ríos Rivera y la Sa. Alicia Maldonado Candelaria (en adelante "los recurrentes") solicitan que revisemos la determinación de la Junta de Apelaciones de Administración de Personal (J.A.S.A.P.), emitida el 13 de agosto de 1997. Mediante resolución la J.A.S.A.P. declaró sin lugar las apelaciones presentadas por los recurrentes, en la que impugnaban el *1112 nuevo Plan de Clasificación y Retribución implementado por el Departamento del Trabajo y Recursos Humanos (en adelante "el Departamento"). Según éstos, la clasificación que fue asignada a sus puestos y la retribución que les corresponde bajo el nuevo plan no guarda relación con las funciones que llevan a cabo en dicha agencia. Además, éstos solicitan que se les apliquen los beneficios de un acuerdo transaccional efectuado entre el Departamento y empleados afectados por el nuevo plan.
En cuanto a este último reclamo de los recurrentes, la J.A.S.A.P. no hizo determinaciones de hechos que nos permita revisar los méritos de la resolución recurrida. Tampoco surge de la misma que la J.A.S.A.P. haya celebrado una vista administrativa. Por tratarse de una cuestión que envuelve una controversia de hechos, la cual no fue dirimida adecuadamente le devolvemos el caso a dicha agencia. Esta deberá celebrar una vista administrativa en la que permita a las partes presentar prueba en apoyo a sus argumentos y, a la luz de dicha prueba, deberá realizar determinaciones de hechos y conclusiones de derecho que permitan a este Tribunal revisar su dictamen, de así solicitarlo cualquiera de las partes.
En cuanto al reclamo de los recurrentes sobre la clasificación de sus puestos, confirmamos la resolución recurrida por no encontrar nada en el expediente que demuestre que el Departamento violó la reglamentación vigente referente a clasificación de puestos.
I
El presente caso entrelaza una compleja trayectoria de hechos, por cuanto se trata de un largo trámite procesal que entrelaza un sinnúmero de partes y varias controversias. Para propósitos de disponer del presente recurso es necesario hacer un relato detallado de los hechos que dieron lugar al caso del epígrafe. 
En julio de 1994 el Departamento implemento un nuevo Plan de Clasificación y Retribución para todos sus empleados, tanto para los de carrera como para los de confianza. Muchos de los empleados afectados por el nuevo plan impugnaron el mismo, presentando numerosas peticiones individuales de revisión ante el Secretario del Departamento, en las que alegaron, en síntesis, que el nuevo plan perjudicaba los derechos que habían adquirido durante su trayectoria como empleados de la agencia. El Secretario del Departamento denegó las peticiones de revisión presentadas resolviendo que el nuevo plan no afectaba derechos adquiridos por los empleados.
Ante tal determinación, los empleados presentaron recursos individuales de apelación ante la J.A.S.A.P. En la mayoría de los casos ésta sostuvo la determinación del Secretario del Departamento, ordenando la desestimación de los recursos. 
Los empleados afectados por la decisión de la J.A.S.A.P. recurrieron al Tribunal Superior, Sala de San Juan, foro que para ese entonces tenía jurisdicción para revisar las determinaciones administrativas. Dicho tribunal devolvió los casos a la J.A.S.A.P. con instrucciones de celebrar una vista administrativa donde se les permitiera a los empleados afectados presentar evidencia del daño alegadamente causado por el nuevo plan de retribución del Departamento.
Mediante orden interlocutoria emitida por la J.A.S.A.P., ésta tomó conocimiento judicial de las sentencias emitidas por el Tribunal de Primera Instancia en los diversos casos que tuvo ante su consideración, y ordenó la consolidación de los casos que hasta ese momento habían sido presentados. Los mismos fueron consolidados bajo el epígrafe de Juan Casiano Irizarry y otros v. Departamento del Trabajo y Recursos Humanos.
Luego de varios incidentes procesales, el 22 de agosto de 1996 la J.A.S.A.P. emitió orden interlocutoria mediante la cual ordenó la separación de varios casos consolidados en Casiano, supra, para agruparlos en dos (2) casos adicionales, ya que presentaban otros reclamos, además del de retribución. Esto se hizo con el propósito de que las exigencias sobre la cuestión retributiva se mantuvieran en el caso de Casiano, supra, separando así las peticiones de diferencial en sueldo y clasificación de puestos en procedimientos distintos. 
Con el propósito de poner fin al sinnúmero de apelaciones presentadas ante la J.A.S.A.P., el 18 de noviembre de 1996 el Departamento presentó una propuesta de transacción a sus empleados. La *1113 misma fue llevada a votación y la mayoría de los empleados estuvo de acuerdo con sus términos. Esta se hizo formar parte de una resolución y orden final emitida por J.A.S.A.P. el 22 de abril de 1997 en el caso de Casiano, supra. Ese mismo día el referido acuerdo entre los empleados y el Departamento se hizo extensivo a las partes incluidas en los casos Graciela Pérez Ortiz, supra, y Awilda Llauger Pacheco, supra. 
Específicamente en cuanto a los recurrentes del caso del epígrafe, sus reclamos estaban dirigidos a impugnar tanto la clasificación que les fue asignada bajo el nuevo plan como la retribución que les corresponde bajo dicha clasificación. 
Desde su inicio, los casos de los recurrentes siguieron su trámite administrativo de forma individual hasta que, mediante resolución parcial del 13 de marzo de 1997, la J.A.S.A.P. consolidó sus reclamaciones y desestimó de forma sumaria sus planteamientos en cuanto a la clasificación de sus puestos bajo el nuevo plan, dejando para resolver posteriormente lo referente a sus reclamos sobre retribución. 
El trámite administrativo continuó su curso en cuanto a la cuestión retributiva. Así las cosas, la propia J.A.S.A.P. requirió a las partes del caso del epígrafe que mostraran causa por la cual no debía aplicarse lo estipulado en el caso de Casiano, supra, a los recurrentes. Mientras los recurrentes. Mientras los recurrentes alegaron ante la J.A.S.A.P. que los beneficios ofrecidos por el Departamento a las partes en el caso de Casiano, supra, les aplica, por cuanto éste se hizo con el propósito de beneficiar a todos los empleados que impugnaron el plan, el Departamento alegó que dicho acuerdo sólo beneficia a aquellos empleados que fueron incluidos específicamente como partes en Casiano, supra. 
Mediante resolución, J.A.S.A.P. denegó la apelación presentada por los aquí recurrentes. Determinó dicha agencia que el nuevo plan no violó los derechos de los empleados del Departamento. Resolvió, además, que la estipulación de Casiano, supra, no aplica a los recurrentes por cuanto dicho acuerdo sólo beneficia a aquellos empleados cuyos reclamos fueron consolidados en los casos de Casiano, supra, Awilda Llauger, supra, y Gladys E. González Gómez, supra. 
No conformes con dicha determinación, acuden ante nos los recurrentes señalando como errores de la agencia recurrida el no haber reconocido el acuerdo transaccional en el cual estaban incluidos y el haber resuelto su reclamo sobre la clasificación de sus puestos de forma sumaria, sin que se les permitiera a las partes presentar evidencia en apoyo a sus respectivas posiciones. Evaluemos los méritos de tales planteamientos.
II
A pesar de que ante la J.A.S.A.P. los recurrentes alegaron que la retribución que les fue asignada a sus puestos no cumple con las disposiciones del Reglamento de Retribución Uniforme, dicho planteamiento no ha sido presentado ante nos por los recurrentes, por lo cual estamos impedidos de revisar la determinación de la agencia recurrida en términos de que el nuevo plan de retribución es justo y equitativo. El único planteamiento que sobre retribución nos presentan los recurrentes es a los efectos de que ellos son parte del acuerdo de Casiano, supra, siendo acreedores de los beneficios allí concedidos a varios empleados.
Aun cuando en su resolución la J.A.S.A.P. hizo un extenso análisis de la reglamentación vigente con el fin de determinar si el nuevo plan de retribución cumple con la misma, la agencia recurrida dispuso en un sólo párrafo de su resolución lo referente a la aplicabilidad del caso Casiano, supra, a las partes del caso de autos. En cuanto a este asunto J.A.S.A.P. resolvió lo siguiente:
"Por último, las sentencias de Gladys E. González Gómez v. Departamento del Trabajo y Recursos Humanos, supra, y Juan Casiano Irizarry y otros v. Departamento del Trabajo y Recursos Humanos, supra, ciertamente constituyen la ley de esos casos que, como cuestión de hecho, se resolvieron mediante estipulación entre las partes. No constituyen, sin embargo, un precedente normativo que nos obligue en éste u otros casos similares a resolver conforme a lo que allí se expresó." Apéndice del escrito de revisión, anejo 41, pág. 279.
*1114 De la resolución recurrida no surge que la J.A.S.A.P. haya entrado a examinar en detalle la compleja trayectoria del caso del epígrafe y de otros casos relacionados con la controversia que nos ocupa para determinar, si en efecto, los recurrentes fueron parte del acuerdo señalado.
De las mociones presentadas por las partes ante la J.A.S.A.P. en apoyo a sus respectivas posiciones surge claramente que existe controversia en cuanto a los hechos que dieron lugar al referido acuerdo y sobre la intención de las partes respecto a aquellos empleados que debían beneficiarse o no del mismo.
Mientras el Departamento insiste en que la intención de las partes nunca fue la de extender los beneficios de Casiano, supra, a todos aquellos empleados que impugnaran el nuevo plan de retribución, los recurrentes señalan ante nos, como lo hicieron ante la J.A.S.A.P., que la aplicación de dicho acuerdo a todos los empleados que habían impugnado el nuevo plan había sido informada por los representantes legales de las partes ante la J.A.S.A.P. en múltiples ocasiones, tanto en sala como en escritos presentados. 
Lo anterior pone de manifiesto las alegaciones contradictorias de las partes en cuanto a un hecho esencial de la controversia, esto es, la intención de las partes al llegar a la estipulación de Casiano, supra, y los acuerdos verbales a los que éstas llegaron durante el transcurso del trámite administrativo.
Expresamente ha resuelto nuestro más alto foro que en cuanto a la interpretación de los contratos de transacción, son de aplicación las normas generales sobre interpretación de contratos, particularmente las contenidas en los artículos 1233 a 1235 del Código Civil, 31 L.P.R.A. sees. 3471 a 3473, en cuanto no sean incompatibles con la norma sobre contratos de transacción. Citibank v. Dependable Ins. Co., Inc., 121 D.P.R. 503, 514 (1988); Negrón Rivera y Bonilla, Ex parte, 120 D.P.R. 61, 74-75 (1987); Sucn. Román v. Shelga Corp., 111 D.P.R. 782, 789 (1981).
Por su parte, la norma general sobre interpretación de contratos dispone que cuando los términos de éstos son claros y no dejan duda sobre la intención de sus otorgantes, se tendrá en cuenta el sentido literal de sus cláusulas. Artículo 1233 del Código Civil, supra. Sin embargo, cuando la intención de los contratantes no es clara, como ocurre en el caso de autos, el Código Civil dispone que es necesario tener en cuenta principalmente los actos de los contratantes coetáneos y posteriores al momento en que se pactó. Artículo 1234 del Código Civil, supra, sec. 3472.
Esta norma fue extendida por nuestro Tribunal Supremo al resolver que para inferir la verdadera intención de los contratantes no tan sólo se debe tomar en cuenta los actos coetáneos y posteriores al contrato, ya que el Artículo 1234, supra, no excluye los actos anteriores ni las demás circunstancias que puedan contribuir a la acertada investigación de la voluntad de los contratantes. Levy v. Autoridad de Edificios Públicos, _ D.P.R. _ (1994), 94 J.T.S. 32, a la pág. 11629; Coop. La Sagrada Familia v. Castillo, 107 D.P.R. 405, 417 (1978).
De acuerdo a lo hasta ahora expuesto, este Tribunal se ve impedido de resolver la controversia que nos ocupa. Para resolver la controversia planteada es necesario indagar en las actuaciones de las partes antes, durante y luego de que las mismas llegaran al acuerdo que nos ocupa. Sin embargo, nada de lo anterior consta en las determinaciones de hechos de la agencia recurrida. Es a ésta, y no a este Tribunal, a quien le corresponde hacer las determinaciones de hechos correspondientes de acuerdo a la evidencia presentada por las partes y resolver conforme a dichas determinaciones. La función de este Tribunal es una revisora y no nos corresponde recibir evidencia que nunca fue presentada en el procedimiento administrativo. Es a la agencia recurrida a quien le corresponde permitir a las partes presentar evidencia y pasar juicio sobre la pertinencia y valor probatorio de la misma.
La Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley 170 del 12 de agosto de 1988, según enmendada, 3 L.P.R.A. secs. 2101 y ss., establece claramente que una orden o resolución final de una agencia administrativa deberá "incluir y exponer separadamente determinaciones de hechos si éstas no se han renunciado, conclusiones de derecho, que fundamenten la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso." Sección 3.14 de la ley, 3 L.P.R.A. sec. 2164.
*1115 Por otro lado, es norma reiterada que en los procedimientos adjudicativos formales ante una agencia administrativa las partes tienen derecho a presentar evidencia y a que la decisión que emita la agencia esté basada en el expediente del caso. Sección 3.1 de L.P.A.U., 3 L.P.R.A. sec. 2151. La función revisora de este Tribunal se limita a determinar si la actuación de la agencia ha sido arbitraria, ilegal o irrazonable o si la misma no está apoyada por prueba sustancial que sostenga las determinaciones de la agencia. Misión Industrial de P.R., Inc. v. Junta de Planificación de P.R., _ D.P.R. _ (1997), 97 J.T.S. 34, a la pág. 728.
Del análisis que este Tribunal ha hecho de los documentos que nos fueron presentados surge una serie de interrogantes e incongruencias en el trámite apelativo que deben ser atendidas y dilucidadas adecuadamente por la agencia recurrida, por cuanto se trata de aspectos esenciales de la controversia que nos ocupa.
En primer lugar, es necesario tener en cuenta que las múltiples apelaciones que se presentaron ante J.A.S.A.P. fueron consolidadas en varios casos con el propósito de "poder manejar el caso de una forma adecuada". A tales efectos se separaron los casos de acuerdo a su controversia principal, ya fuera reclamo de un ajuste retributivo en el salario, diferencial removido o clasificación de puestos. Según surge de los documentos presentados ante nos por los recurrentes, la separación de los casos obedeció a una recomendación del Oficial Examinador a cargo de los mismos y no a una iniciativa de los empleados. En su informe, el Oficial Examinador de J.A.S.A.P. a cargo de los casos indicó lo siguiente:

"Se les advirtió a los apelantes que de éstos preferir quedarse consolidados al presente caso [refiriéndose al caso de Casiano], se entendería que renuncian a cualquier otro reclamo principal relacionado con el ajuste del salario al implantarse el nuevo Plan de Retribución. Informe Interlocutorio del Oficial Examinador del 11 de julio de 1996, Apéndice del escrito de revisión, anejo 7, pág. 41."

Estas recomendaciones fueron acogidas por la J.A.S.A.P. mediante orden interlocutoria. En dicho. dictamen la agencia recurrida señaló lo siguiente:
"La Junta habrá de tomar las medidas correspondientes para garantizar que estos casos que aquí separamos y en otros casos activos ante la consideración de la Junta o que se han asignado a otros oficiales (donde en adición a la cuestión retributiva hay otras controversias) se adjudiquen de manera consistente con lo que se resuelva en el expediente de Casiano Irizarry y Otros." Apéndice del escrito de revisión, anejo 8, pág. 50.
A pesar de que el Departamento, como argumento principal, ha sostenido que el acuerdo de Casiano, supra, sólo aplica a las partes en dicho pleito, cabe destacar que la J.A.S.A.P. extendió tales beneficios a las partes de los casos Graciela Pérez, supra, y Awilda Llaguer Pacheco, supra, cuyas partes, al igual que los recurrentes, además de impugnar el nuevo plan en su aspecto retributivo, presentaron reclamos adicionales relacionados con otros aspectos del nuevo plan. Sin embargo, no se desprende de los documentos la razón por la cual los reclamos de los recurrentes no fueron consolidados con alguno de los casos antes mencionados.
Por otro lado, según surge de la transcripción de una vista administrativa llevada a cabo el 12 de agosto de 1997 en el caso Awilda Llauger Pacheco, supra, el propio Oficial Examinador de la J.A.S.A.P. a cargo de los casos, el Ledo. Vega, señaló que la intención de las partes al presentar la propuesta de transacción a los empleados era que la misma aplicara a todos aquellos empleados que habían impugnado de una forma u otra el nuevo plan del Departamento. Al respecto, dicho oficial examinador indicó lo siguiente:
"En todo momento se había indicado por la parte apelada, que todos los apelantes, pues iban a ser incluidos en... en ese acuerdó, que se estaba tratando de lograr, ¿no?, en ese momento estaban en conversaciones de, para ultimar los detalles del acuerdo y el oficial que preside, que estaba y que está en este momento fue testigo y yo, para mi esa es una cuestión de palabra que se dio de parte, de la parte apelada, de que iban a ser considerados todos los apelantes... pero me recuerdo muy bien que hasta había hablado de personas que ni siquiera habían apelado su caso aquí, que estaban en *1116 vista administrativa, todavía de darles un trato similar." (Enfasis suplido.)
Incluso, el Ledo. Vega indicó en la referida vista que estaba en disposición de comparecer como testigo, en caso de que fuera necesario para hacer constar lo expresado anteriormente. 
En virtud de todo lo antes señalado, este Tribunal devuelve el presente caso ante la J.A.S.A.P. para que ésta celebre una vista administrativa en donde conceda a las partes oportunidad de presentar evidencia, tanto documental como testifical. Sólo mediante una vista administrativa la agencia recurrida tendrá el beneficio de tener a su disposición toda la prueba pertinente que las partes puedan ofrecer en apoyo de sus alegaciones, requisito indispensable para resolver adecuadamente un caso tan complejo como el que nos ocupa. Además, mediante la celebración de la misma se salvaguardará el derecho de las partes a tener un procedimiento justo, de acuerdo a los imperativos del debido procedimiento de ley recogidos en la L.P.A.U., supra.
Ill
En su segundo señalamiento de error, los recurrentes alegan que erró la J.A.S.A.P. al resolver de forma sumaria sus planteamientos en cuanto a la clasificación de puestos que le fue asignada como parte del nuevo plan del Departamento. Alegan éstos que su puesto ha sido clasificado como Entrevistador para Empleos II, no obstante sus funciones corresponden al puesto de Oficial de Relaciones Patronales. Según los recurrentes, se trata de dos (2) puestos con funciones distinguibles entre sí, por lo cual la nueva clasificación de puestos del Departamento no cumple con la reglamentación vigente. Mediante resolución, la J.A.S.A.P determinó que los recurrentes no tenían méritos en este planteamiento. Resolvemos que la determinación de J.A.S.A.P. fue correcta. Veamos.
La determinación de la J.A.S.A.P. estuvo basada en las descripciones de las funciones que realizan los recurrentes y en la descripción del puesto de Entrevistador II contenida en el nuevo plan de clasificación y retribución. A base de ello, la agencia recurrida determinó que el nuevo plan del Departamento cumple con la Ley de Personal en cuanto a la clasificación de los puestos.
Según la Ley de Personal, supra, la clasificación de puestos es un área esencial del principio de mérito. Sección 4.1 de la Ley de Personal, supra, 31 L.P.R.A. sec. 1331. Sin embargo, según fue resuelto en Mercado Vega v. Universidad de Puerto Rico, _ D.P.R. _ (1991), 91 J.T.S. 41:
"La clasificación de puestos es una prerrogativa gerencial, ya que se trata de un instrumento para la administración de los recursos humanos. Aunque la autoridad del patrono no es absoluta, ya que cada empleado tiene derecho a ser correctamente clasificado, le corresponde, sin embargo, a la autoridad nominadora la plena facultad de determinar cuáles son los puestos necesarios para realizar la misión de la agencia y cuáles son las funciones a realizar y los requisitos que debe tener el incumbente de un puesto específico. En virtud de ello, para que un puesto pueda ser reclasificado se requiere la acción afirmativa de la autoridad nominadora conforme a las normas previamente aprobadas por ésta." (Enfasis suplido.)
En virtud de la amplia facultad de las agencias para clasificar los puestos de sus empleados, la cual ha sido reconocida por nuestro Tribunal Supremo, y habiendo la J.A.S.A.P. determinado que las labores que realizan los recurrentes son distintivas de la especificación contenida en el puesto de Entrevistador para Asuntos de Empleo II, no intervendremos con la determinación de la agencia recurrida a los efectos de que el nuevo plan de clasificación no contraviene las disposiciones reglamentarias aplicables. Resolvemos que en cuanto a este asunto no era necesaria una vista administrativa dado que se trata de la aplicación de las disposiciones de un reglamento, lo cual envuelve una cuestión estrictamente de Derecho.
Por todo lo cual, expedimos el recurso de revisión presentado y modificamos la resolución recurrida. Se devuelve el caso ante la J.A.S.A.P. para que dicha agencia celebre una vista administrativa en la que se le permita a las partes presentar prueba en cuanto a la aplicabilidad de los beneficios del acuerdo de Casiano, supra, a los recurrentes, y en virtud de la misma realice las determinaciones de hechos y derecho correspondientes. Así modificada se confirma la resolución recurrida.
*1117 Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 95
1. Cabe señalar que debido a que la J.A.S.A.P. no hizo determinación alguna en cuanto a los hechos relacionados con la controversia que nos ocupa-, este Tribunal ha podido-evaluar la trayectoria del caso del epígrafe sólo luego de .un ponderado y minucioso análisis de los documentos que fueron presentados ante nos junto con el escrito de revisión administrativa.
2. Véase sentencia del Tribunal de Primera Instancia, Sala Superior de San Juan, Apéndice del escrito de revisión, anejo 2, pág. 19.
3. Los casos se distribuyeron de la siguiente manera: (1) El caso Graciela Pérez Ortiz y otros v. Departamento del Trabajo y Recursos Humanos, CL-RET-95-05-1186, agrupó aquellos casos en que además de un reclamo retributivo, se planteaban causas de acción sobre diferenciales en sueldo; (2) El caso Awilda Llauger Pacheco y otros v. Departamento del Trabajo y Recursos Humanos, CL-RET-95-12-650, agrupó aquellos casos en que además de la cuestión retributiva, se impugnaba la clasificación de los puestos, y el caso Casiano y otros v. Departamento del Trabajo y Recursos Humanos, supra, agrupó aquellos casos cuyo único reclamo era en términos de la cuestión retributiva de ajustes en sueldo bajo el nuevo plan.
4. La oferta de transacción consistía en que a cambio de que los empleados desistieran de sus reclamos sobre retribución, el Departamento les concedería pasos por mérito en proporción a la antigüedad de cada empleado. Apéndice del escrito de revisión, anejo 9, pág. 52.
5. Véase Apéndice del escrito de apelación, anejo XIII, pág. 87 y anejo 14, pág. 91.
6. Entre los meses de septiembre y octubre de 1994, al igual que muchos otros empleados, los recurrentes presentaron solicitudes de revisión ante el Secretario del Departamento y posteriormente presentaron recursos de apelación ante la J.A.S.A.P. Sin embargo, de los documentos que obran en autos no surge por qué razón los reclamos de los recurrentes no fueron consolidados con los casos de Casiano, supra, Awilda Llauger, supra, o Graciela Pérez, supra.
7. Cabe señalar que, ante tal determinación, el 12 de mayo de 1997 los recurrentes presentaron ante este Tribunal Apelativo una solicitud de revisión administrativa. No obstante, dicho recurso fue desestimado por ser prematuro, sin perjuicio de que pudiera presentarse nuevamente una vez la J.A.S.A.P. decidiera la totalidad de la controversia. (Apéndice del escrito de revisión, anejo 34, pág. 220.)
8. Apéndice del escrito de revisión, anejo 37, pág. 252.
9. Apéndice del escrito de revisión, anejos 38 y 39, págs. 253-259.
10. El caso de Gladys E. González Gómez v. Departamento del Trabajo fue consolidado con el caso de Casiano, supra, en la resolución emitida por J.A.S.A.P. el 22 de abril de 1997. (Apéndice del escrito de revisión, anejo 41, pág. 279.)
11. Promulgado el 7 de julio de 1984 por la Oficina Central de Administración de Personal, en virtud de la Ley Núm. 89 del 12 de julio de 1979, según enmendada, 3 L.P.R.A. see. 760.
12. Apéndice del escrito de revisión, anejo 39, pág. 257.
13. Informe Interlocutorio del Oficial Examinador, Apéndice del escrito de revisión, anejo Vil, pág. 41.
14. Apéndice del escrito de revisión, anejo 13, pág. 88 y anejo 14, pág. 91.
15. Transcripción de la vista del 12 de agosto de 1997 en el caso Awilda Llauger Pacheco, supra, presentada ante nos por la parte recurrente.
16. Ley 5 del 14 de octubre de 1975, según enmendada, 3 L.P.R.A. sees. 1301 y ss.